entry under the provision in paragraph 1806 of the Tariff Act of 1930, heretofore quoted.

We are of the opinion that the bamboo flower sticks at bar are not such bamboo sticks as are provided for in paragraph 1806, *supra*. The provision there is for bamboo sticks (among other things) "in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes." There is not the slightest evidence that the sticks at bar were "cut into lengths suitable for sticks for" any of the articles mentioned by name, and, indeed, in the brief filed on behalf of the plaintiff, the contention under paragraph 1806 seems to be limited to that portion providing for bamboo sticks "in the rough."

We do not think that the bamboo flower sticks at bar can be said to be "in the rough." In *United States* v. *Benneche*, 6 Ct. Cust. Appls. 92, T. D. 35339, it was indicated that "in the rough" means in the natural state or at least no further advanced than the cutting off of limbs or rootlets or the removal of bark. The sticks at bar have been cut to precise lengths, forced through the round die, and dyed, all of these processes having been performed with the view and the result of creating finished articles which in that condition have a name, character, and use different from the materials of which they were composed.

We conclude, therefore, that the flower sticks at bar are not entitled to free entry under the provisions of paragraph 1806, *supra*. Before leaving the subject of classification under that paragraph, however, mention must be made of an evidentiary situation which developed during the course of the trial.

There was offered and received in evidence without objection as plaintiff's illustrative exhibit 2, two sticks, each 30 inches long, of bamboo, dyed or colored green, which were stipulated by counsel to be sticks of bamboo in the rough or cut to various lengths, not specially provided for. The manifest purpose of the stipulation was to establish that the sticks comprising plaintiff's illustrative exhibit 2 were sticks such as are or have been classifiable under paragraph 1806, *supra*, but this was not specifically brought out. During the course of the trial, it was established by plaintiff's witnesses that the use of the merchandise here in issue, represented by plaintiff's exhibit 1, was the same as that of plaintiff's illustrative exhibit 2, and, in fact, that the former was a substitute for the latter.

Assuming, as contended by the plaintiff, that the stipulation entered into by counsel for the parties was an admission, binding on the defendant, that plaintiff's illustrative exhibit 2 represented sticks of bamboo which were classified as free of duty under paragraph 1806, we, nevertheless, do not consider such an admission coupled with evidence as to identity of use of plaintiff's exhibit 1 and plaintiff's illustrative exhibit 2, as binding upon the court in the sense of controlling the court's judicial decision determining the classification of the merchandise before it. The classification by the defendant's collectors of customs of merchandise such as plaintiff's illustrative exhibit 2 under paragraph 1806, if such be the fact, is immaterial in this case unless plaintiff invokes the doctrines of estoppel or long-continued administrative practice, neither of which are referred to or claimed.

Upon the record as made judgment will issue overruling all of the protest claims.

**No. 56699.**—P. R. Dreyer, Inc., et al. *v.* United States, protests 133739–K, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of cornmint oil the same in all material respects as that the

subject of *A. Maschmeijer, Jr., Inc.* v. *United States* (39 C. C. P. A. 139, C. A. D. 476), the claim of the plaintiffs was sustained.

**No. 56700.**—Bendix Chemical Corp. et al. *v.* United States, protests 152394–K, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of cornmint oil the same in all material respects as that the subject of *A. Maschmeijer, Jr., Inc.* v. *United States* (39 C. C. P. A. 139, C. A. D. 476), the claim of the plaintiffs was sustained.

**No. 56701.**—Stalker Manufacturing Co., Inc. *v.* United States, protest 180529–K (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of parts of saddles, which saddles are in part of pigskin and valued at more than $40 each, similar in all material respects to those the subject of Abstract 54419, the claim of the plaintiff was sustained.

**No. 56702.**—R. J. Saunders & Co., Inc. *v.* United States, protest 179608–K (New York).

Opinion by MOLLISON, J.   From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct.   The protest was therefore overruled.

BEFORE THE SECOND DIVISION, MAY 20, 1952

**No. 56703.**—E. F. Stanton and Overseas Trading Co. *v.* United States, protests 120017–K and 124405–K (Los Angeles).

Opinion by LAWRENCE, J.   The protests were dismissed.

**No. 56704.**—The A. W. Fenton Co., Inc., et al. *v.* United States, protests 152670–K, etc. (Cleveland).

Opinion by LAWRENCE, J.   The protests were dismissed.

**No. 56705.**—Harvey Brooks Coordinations, Inc., and Sterling Factors Company *v.* United States, protests 144843–K and 145885–K (New York).

Opinion by FORD, J.   The protests were dismissed.

**No. 56706.**—Liberty Fabrics of N. Y., Inc., et al. *v.* United States, protests 180747–K, etc. (New York).

Opinion by FORD, J.   The protests were dismissed.